**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

C.D.,                                            :
                                                 :
      Plaintiff,                    :
                                                 :
v.                                               :     CASE NO.: 7:24-CV-122 (WLS-ALS)
                                                 :
COMMISSIONER OF SOCIAL                           :
SECURITY,                                        :
                                                 :
      Defendant.                    :
_____                  :

## ORDER

Before the Court is Plaintiff's Unopposed Application for Attorney Fees Pursuant to the Equal Access to Justice Act ("the Motion") (Doc. 17), along with supporting exhibits. Previously, Plaintiff filed a Complaint against the Commissioner of Social Security ("Defendant Commissioner") on November 21, 2024. (Doc. 1). On February 13, 2026, the Court adopted the Recommendation (Doc. 14) of United States Magistrate Judge Alfreda L. Sheppard which recommended that the Commissioner's decision be reversed and remanded, pursuant to Sentence Four of 42 U.S.C. § 405(g). (Doc. 15). The cause was, therefore, remanded to Defendant Commissioner for further action and proceedings.

On May 6, 2026, Plaintiff filed the instant Motion. Therein, Plaintiff asks the Court to award attorney's fees of $8,283.68 under 28 U.S.C. § 2412 plus $405.00 in costs. (Docs. 17-3 & 17-4). Plaintiff states that Defendant Commissioner does not oppose the Motion. (Doc. 17-3 at 7).

The Equal Access to Justice Act (EAJA) provides, in relevant part,

[A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

1

28 U.S.C. § 2412(d)(1)(A). Additionally, a party seeking an award of attorney's fees and other expenses shall submit an application for fees showing (1) that the party is a prevailing party (2) an application for such fees, including an itemized justification for the amount requested, is timely filed within thirty (30) days of a final judgment in the action; (3) the position of the government is not substantially justified; and (4) no special circumstances make such an award unjust. *Id.*; § 2412(d)(1)(B).

Having reviewed the Motion and supporting exhibits, the Court finds that Plaintiff meets the criteria for an award of attorney's fees under the EAJA. First, Plaintiff correctly contends that he was the prevailing party because a remand Order was obtained under Sentence Four of 42 U.S.C. § 405(g). *See Shalala v. Schaefer*, 509 U.S. 292, 301–02 (1993). Second, Plaintiff timely filed his motion for attorney's fees within thirty (30) days of the final judgment.[1] Third, the Court agrees with Plaintiff's assertion that Defendant Commissioner's position was not substantially justified and finds no special circumstances that would make an award of EAJA fees unjust. Fourth, Defendant Commissioner does not object. (*See* Doc. 17-3 at 7). The Court, therefore, finds that Plaintiff is entitled to reasonable attorney's fees.

EAJA costs are determined by the lodestar method, which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate on the matter. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The EAJA sets an hourly maximum rate at $125 per hour. This figure, however, may be adjusted for, *inter alia*, cost of living increases. *Meyer v. Sullivan*, 958 F.2d 1029, 1033–34 (11th Cir. 1992). The cost-of-living increases may be determined by reference to the Department of Labor's Consumer Price Index, and the annual average consumer price index rates, when available. *Muga v. Comm'r of Soc. Sec.*, 5:20-CV-00445, 2023 WL 2002074, at *1 (M.D. Ga. Jan. 25, 2023).

Here, Plaintiff requests $ 8,283.68 for 32.2 hours of representation by Ida Comerford of Hiller Comerford Injury & Disability Law at hourly rates of $251.84 for 2024, $257.54 for

---

[1] A final judgment is one that is "final and not appealable." 28 U.S.C. § 2412(d)(2)(G). The Commissioner has sixty (60) days to appeal. Fed. R. App. P. 4(a)(1)(B). Accordingly, the thirty (30) day EAJA clock starts to run after the Commissioner's time to appeal the final judgment has expired. *Dana B. v. Comm'r of Soc. Sec.*, 1:20-CV-04104-ELR, 2022 WL 16955478, at *1 n.2 (N.D. Ga. July 13, 2022) (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991)). Here, the final judgment was entered on February 13, 2026. (Docs. 15 & 16). Sixty days from that date was April 14, 2026, which is when the thirty days for EAJA began. Plaintiff's Motion was filed on May 6, 2026, and was thus timely.

2

2025, and $261.74 for 2026. (Doc. 17-3 at 6). Plaintiff's Counsel avers that these requested rates were adjusted from the statutory amount per hour based upon the Consumer Price Index. (*Id.* at 5–6). Based on the Record and the Undersigned's knowledge and experience, the Court finds that the hourly rates and number of hours requested are fair and reasonable. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (explaining that the court is itself an expert on the question of fees and may consider its own knowledge and experience regarding reasonable fees and may even "form an independent judgment either with or without the aid of witnesses as to value"); *see C.H. v. Comm'r of Soc. Sec.*, 7:23-CV-41 (TQL), 2023 WL 7706421, (M.D. Ga. Nov. 15, 2023) (granting EAJA hourly rate above the statutory rate noting that it was properly calculated based on a CPI adjustment).

Consequently, Plaintiff's Motion for Attorney Fees (Doc. 17) is **GRANTED**. Plaintiff is hereby awarded $8,283.68 in attorneys' fees and $405.00 in costs. This award shall be made payable to Plaintiff directly if he owes a federal debt. *See Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). If the United States Department of Treasury determines that Plaintiff does not owe a federal debt and has assigned his right to the EAJA's attorney fees and costs to Counsel, then Defendant Commissioner is **ORDERED** to pay the fees and costs directly to counsel.

**SO ORDERED**, this 7th day of May 2026.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**
